13137. LAYTON *v.* DEAN GOLD MINING COMPANY.

STEPHENS, J. 1. In a suit where one of the items of the alleged indebtedness is damage by the defendant to a house belonging to the plaintiff, and where the allegation is supported by testimony of the plaintiff, such evidence is not controverted by testimony of another witness to the effect that the house alleged to have been damaged by the defendant was at one time destroyed by fire.

2. Where the evidence showed an indebtedness by the defendant to the plaintiff in a certain amount, which was a balance. due upon a certain contractual obligation, and which balance, it appeared only from evidence ruled out and withdrawn from the jury, it was agreed the defendant should discharge by the performance of certain work for the plaintiff, the evidence demanded a verdict finding an indebtedness from the defendant to the plaintiff.

3. The evidence of the plaintiff is undisputed as to the fact and as to the amount of the alleged indebtedness due him by the defendant, and the court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., concurs.*

Decided July 24, 1922.

Appeal; from Haralson superior court — Judge Wright presiding. November 4, 1921.

An attachment against Arthur Layton for an alleged indebtedness of $100 was sued out by the Dean Gold Mining Company, and on the trial of the case on appeal from a justice's court the judge of the superior court directed a verdict in favor of the plaintiff for the amount sued for. The evidence introduced on the trial was as follows: S. F. Crew testified: " I was agent for the Dean Gold Mining Company in the year 1918, and rented some of their land to Arther Layton, the defendant, for the sum of $200 standing rent. Mr. Layton paid $150 on the rent and was to do $50 worth of work on the house to pay the balance of said rent. Mr. Layton carried off $25 worth of wire belonging to the Dean Gold Mining Company when he left there, and damaged a barn on the land where he lived, in the sum of $25, and failed to do the $50 worth of work on the house which he agreed to do (the contract being in writing as to the work to be done on the house). It was barb wire Mr. Layton carried away from the place, and he almost tore the barn down, the damages to the barn being $25 and the wire being worth $50." The court ruled out the evidence as to the $50 worth of work done on the house, " as said contract is in writing, and the written contract would be the highest and best evidence." The plaintiff closed here. E. J. Dial, for the defendant, testified: " I lived near Arthur Layton when he lived on the property of Dean Gold Mining Company for the year 1918. The barn at the house where Mr. Layton lived, and the only barn there, was burned down. I do not know who burned the barn."

*Taylor Smith,* for plaintiff in error.

*Griffith & Matthews, I. N. Cheney,* contra.